on behalf of Petitioner. I'd like to reserve three minutes for rebuttal, if possible. Yeah. You'll have to help keep track of your time. That shows the full time. I will, Your Honor. Thank you. As a preliminary matter, the Fugitive Disentitlement Doctrine should not be applied in the present case for several reasons. First, it's not clear the Petitioner ever received proper notice of her obligation to report to DHS. Page 223 of the administrative record shows that she moved prior to the BIA's decision in this case. Now, page 149 of the record shows that notice to report was sent to Petitioner's former address in Oakland and was actually signed for by someone other than the Petitioner. In addition, it was sent to the ---- They were notified that she had moved? I'm sorry? But they were notified that she had moved? Well, Your Honor, the Petitioner had sent in her new address with her I-360 petition. She did not put it on the actual form for changing her address, but she was never advised in a language that she could understand of her obligation to keep DHS and the courts apprised of her new address. And normally, in the course of events, this happens at the immigration court while the judge has the help of a certified translator. But does that even matter? Isn't the real answer, the doctor doesn't apply because she's here, she's not a fugitive? Yes, Your Honor, it is, except that ---- Ortega-Rodriguez v. United States says that because she's not a fugitive now, she should not be precluded from review. So all those other reasons about notice and not notice don't make any difference, do they? I agree, Your Honor. I just didn't want to rest on that one issue. But I take it your point is she's never hidden. She's not hiding even today. And since hiring her current attorney, we have filed with the proper form a change of address, sent it to DHS, sent it to the courts. She's never been in hiding. She's not in hiding now. She's not a fugitive. But it's totally irrelevant. She's here, she's here, and that's all you need to say from my perspective. Thank you, Your Honor. So regarding the merits of this case, this case actually turns on whether or not the prior attorney agreed to adjust her status. If he did, his actions are ineffective because he failed to act in a timely manner and actually prevented her application from being heard. Now, on the point of whether he was hired to file for adjustment, Petitioner clearly states in her declaration that he was hired, quote, to handle my immigration matters, specifically my adjustment of status through the Violence Against Women's Act. That's at page 294 of the record. Now, under Ninth Circuit precedent, those facts must be accepted as true unless they're inherently unbelievable. Those facts are not inherently unbelievable because the record actually supports that as well. Even the government, USCIS, sent the former attorney notice regarding Petitioner's, quote, pending I-485 application. That's an adjustment of status application. That's at page 147 of the record. So even the government at that point --" Sotomayor, doesn't the record show that he actually filed with the board the wrong motion, but a motion relating to that? Yes, Your Honor. And that, I believe, also, he filed a motion to hold an abeyance, I believe, a few weeks after the board had already issued its decision. But if he had filed a motion to reopen instead of a motion to hold an abeyance ---- I apologize, Your Honor.  He filed a motion to hold an abeyance. Yes. That's what I said. Oh, I'm sorry. If he had filed a motion to reopen instead of a motion to hold an abeyance, wouldn't the problem have been solved? Yes, Your Honor. And that's exactly what the motion to hold an abeyance show that he was acting for her on the immigration problem before the board with respect to the adjustment of status. Yes, it does. It actually just shows that he was acting on her behalf in an ineffective manner, because what he needed to do, as you point out, was file a motion to reopen. Instead, he filed a motion to hold an abeyance. Now, that's actually the crux of his ineffectiveness. A motion to reopen under the Violence Against Women's Act only needs to be filed within one year of a final order of removal and only needs to include a copy of the self-petition. Now, in this case, the board's order of removal came down on January 9th, 2004. So this former attorney had until January 9th, 2005 to timely file a motion to reopen. He failed to do so despite being clearly aware that her case was before the courts. Now, as Petitioner states in her declaration, the former attorney told her to forget about the courts. But as I understand the government's case, it's that the record doesn't show that he was hired to act on her behalf to represent to the board that it should recognize the filing of the petition. I see your point. Well, his obligation to file documents with the board actually flows from his agreement to adjust her status. Because as soon as But what I'm asking you isn't the fact that he did file with the board and it was only the wrong petition. Doesn't that demonstrate that he was acting on her behalf with respect to adjustment of status before the board? Yes, it does. And that is evidence that he had the obligation to act on her behalf before the board. But he did so ineffectively. He didn't actually form the court. Isn't that your basic case? Yes, Your Honor. That's exactly the case, that he tried to act and he did so in an ineffective manner. Now, it's, you know, aside from just being aware of the fact that he was hired to file for adjustment, he was clearly aware, as you point out, that her case was before the courts. Now, the only place that has jurisdiction to hear an adjustment of status claim after the service of a notice to appear is the immigration courts. So we have a case where this attorney was hired to adjust her status. He's clearly aware that she has a case pending before the courts, or at least recently decided. He has a whole year to file a motion to reopen in order to pursue the relief that he was hired to pursue, and he doesn't do it. That, to me, is clearly ineffective assistance, and it's clear from the face of the record. Now, the board has very technical requirements for how you show ineffective assistance. And one of the things that must be shown, as I understand it, is what was told to the lawyer, what information the lawyer had that would provide the basis for what the lawyer should have done and didn't do. And I think that that was one of the problems that the agency saw in this case, was that that showing wasn't made sufficiently. And I just wondered if you would respond to that. Yes, Your Honor. I guess, firstly, I'd like to point out that under Ninth Circuit precedent, where ineffective assistance is clear on the face of the record, a matter of lazada doesn't need to be exactly followed. Nevertheless, Petitioner did exactly follow a matter of lazada. There are three things that she's supposed to do. She's supposed to submit an affidavit explaining her agreement with former counsel. Now, on pages 293 and 294, she states that she hired former counsel on September 15, 2003. And she states that she hired him to, quote, handle my immigration matters, specifically my adjustment of status through the Violence Against Women's Act. Now, that's the agreement. That's clear. It's on the face of the record. Under lazada, you also need to inform the attorney of the charges against him, which she did. That's also at page 293 and 294 of the record. The former attorney chose not to respond to any of these allegations. And finally, she should inform the Court of whether she has notified the proper disciplinary authorities, which she did, and that's also clear from the record on page 293 and 294. Kennedy. She wanted to save three minutes. Yes. I would like to save a minute and 40 now. Right. Good morning, Your Honors. May it please the Court. Jem Sponzo on behalf of the Respondent. Just to briefly return to the Fugitive Disentitlement Doctrine, which I know is common to the first case and the present, I would respectfully disagree that it is sufficient that Petitioner simply be in the country at this point for the doctrine not to apply. Based on the record before the Court in this case, we have two signed delivery receipts. There is nothing to demonstrate to any degree of certainty that it was not Petitioner that signed her own copy. I don't believe there's any question that her former attorney of record, her second attorney of record, received and signed for his copy. There's nothing to indicate that at any other point Petitioner suffered any problems in her correspondence with the agency during her proceedings before the immigration judge or the board. Therefore, this case is distinguishable from Bassian v. Gonzalez, in which errors of service argued against applying the Fugitive Disentitlement Doctrine. So you think we need an opinion to make it clear that if you're in the country, you're not a fugitive? I think based — I apologize, Your Honor. Go ahead. No, that was my question. That's a question. Based on the record before the Court in this particular case, we have notification to Petitioner that she was required to report for removal. We have signed delivery receipts. And we have a failure. We understand all that. The question was if she is in the country. And apparently the law is not sufficiently clear that that's the law in the Ninth Circuit, so it would appear we need another opinion. I would agree. And I would argue that the record before the Court — All right. Then the next issue. I'm sorry? Then let's go to the next issue. The next issue, then, is whether Petitioner demonstrated — Oh, wait a minute. I'm a — why is she a fugitive when you know exactly — her lawyer is sitting right there, and he knows where she is, and I don't understand it. Her failure to comply with the removal order is all that's at issue in whether this doctrine might apply in this case. But that doesn't prove she's out of the country. No, it doesn't. It doesn't prove that you can't get her. No, but it proves her failure to comply with the previous order. She failed to comply, but the question is whether the doctrine should apply here. And I guess, as I understand and have read the one case that I found, she has to be a fugitive out of the country, not here. And the government didn't in any way prove that, did it? No. We would respectfully disagree that that's the approach that should be taken in determining whether the fugitive disentitlement doctrine should apply. Based on the facts of this record, the argument was set forth in our brief. You're not contending that she was hiding? No. That she evaded. If you wanted to get her, you could go get her. Correct. Nor am I contending that those issues should — That's a very odd kind of fugitive. We would respectfully disagree with respect to the application of this doctrine. We would respectfully disagree with that doctrine in this particular case. Moving on, then — Do you know any more about why the government is arguing that? Because I personally have not. We see an awful lot of immigration cases, and I personally have not seen this argued in any context like this before. Do you know anything about why we're seeing this now? Simply the documentation in the record in this case, where we have the benefit of that bag-in-baggage letter, as it's referred to, and sign — I'm sorry, Your Honor. Okay. I would simply suggest that it's based on the documents in the record that we have the benefit of in this case. In others, those may not be present, in which case the argument would not be set forth. Turning next to Petitioner's allegation of ineffective assistance of counsel, her failure to demonstrate such ineffective assistance speaks to both whether the Board could have waived her failure to file her motion to reopen within one year based on her VAWA petition, and whether the motion to reopen could have been granted simply based on ineffective assistance of counsel. What's lacking is any evidence that Petitioner's second attorney of record should have done anything beyond what he did in filing that VAWA application. Petitioner's first attorney of record handled her appeal to the Board. The immigration judge denied her applications for waiving. Isn't it clear from the face of the record that the second attorney did act on her behalf before the Board with respect to this petition, when he asked the Board to hold the petition in abeyance because he was pursuing a VAWA petition? But there — What he should have done is asked the Board to reopen instead of asking them to hold  If we take a step back to view the documentation in connection with the motion to reopen and the motion to reconsider in its entirety, there is simply nothing to prove the confines of Petitioner's relationship with that second attorney of record. When Petitioner finally did submit any documentation to speak to what her expectations should have been, we have several letters — I believe it's at pages 71 through 75 of the record — from Petitioner's second attorney of record to her, indicating his inability to contact her. That certainly doesn't speak to his failures. That doesn't answer what I asked you, which is, your point is that there's nothing that shows that the second attorney was retained to handle her problem before the Board relating to the fact that she was filing a VAWA petition. But the record shows that he was, unless he was just volunteering, which is just as good. He acted on her behalf before the Board. The only problem is the first attorney — I mean, the attorney who acted on her behalf before the Board filed the wrong papers. Instead of filing a motion to hold the decision — a decision in abeyance, which was too late because it had already been issued — he should have filed a motion to reopen, and then the whole problem would have been solved. Perhaps. He filed the wrong motion. Doesn't that show ineffective assistance? Not necessarily in this case. As this Court has recognized where — But doesn't it show that he was acting on her behalf? It may, Your Honor. It may show that he engaged in some representation before the Board. But as this Court has recognized where the alleged ineffective assistance of counsel occurs outside the scope of Petitioner's proceedings before the agency, there must — But this was within the scope of her proceedings before the agency. It asked the agency to hold an abeyance. So he did file the paper on her behalf before the Board. It's just the wrong paper. We respectfully disagree that that brings his representation within the scope of her proceedings before the Board. Petitioner's second — Well, what does it take to bring your action within the proceedings before the Board when you file a motion to hold the proceedings before the Board in abeyance? Petitioner's second attorney of record came on the scene in this case specifically with respect to whether she might seek a VAWA self-petition. Petitioner has failed to demonstrate that there was anything within the context of her relationship with her second attorney of record that had any bearing on reopening before the Board. Petitioner failed to exercise diligence in the filing of that motion. Well, what doesn't make sense to me? I mean, here is a woman who has successfully received whatever it was that she got on her VAWA application, which means that she was entitled to go to the Board and say, I have my VAWA application approved, and now I'm entitled to some relief. And she didn't get it. And I can't see — you could say, well, she didn't — there wasn't this showing here and there wasn't this showing, but this is fundamentally unfair. And I don't — I'm not understanding how you can justify saying, well, she's just out of luck here. As this Court has recognized, although the Lozada requirements are not sacrosanct, it's incumbent upon Petitioner to first demonstrate to the Board some compliance with those requirements such that the Board might assess whether there was, in fact, ineffective assistance, and second, to show prima facie eligibility for the relief sought. Here, the Board denied Petitioner's motion to reopen in the exercise of its discretion based on Petitioner's failure to show exceptional circumstances that would warrant waiving the one-year period in which she could have filed. She's not entitled to — so she didn't — she didn't meet the technical requirements of Lozada for ineffectiveness, and she's not entitled to tolling either? No. Based on her failure to demonstrate ineffective assistance in the course of her relationship with her second attorney of record, she simply is not. The Board acted well within its discretion to deny her motion to reopen based on her failures of proof. All right. Before your time runs out, I'd like to ask you another question. Certainly. Regarding the motion to reconsider. Mm-hmm. The BIA found that Sun pointed to no errors of fact or law in the BIA's decision regarding the motion to reopen. However, the BIA's first decision clearly made an error about the date of her meeting with her attorney. And this was pointed out in the motion to reconsider. Why is this not a factual error? I see that my time is about to run out. Do you have an answer? Thank you. Again, motions to reopen and motions to reconsider are within the discretion of the Board. The fact that the Board may have misstated a fact that would not have otherwise changed the outcome of its decision on her motion to reopen is insufficient to properly assert a motion to reconsider. All right. Thank you. I understand your answer. Thank you. Is there any reason that you really want to pursue this case when there's so clearly an error? We respectfully disagree, Your Honor. I mean, is it an obligation because the case has been filed that the government can't look at it and see? Not only is it unjust, but it's wrong? May I answer? Certainly. Petitioner repeatedly failed to come forward with any evidence that would necessarily undermine the Board's discretionary denial for applications for relief. Again, we're dealing with a petition. Except the VAWA petition. I mean, it's clear she was granted this petition. And she's entitled to relief. But Congress gave the petitioners like this the right to stay here. And, you know, they filed and granted a petition. And had the motion been filed in time by the right attorney, there wouldn't have been a problem. And instead, the attorney filed an incorrect motion. Not necessarily, Your Honor. You're saying not necessarily. We're still dealing with an approval that comes over a year after the Board's decision. We're still within the realm of the Board's discretionary determination. It's not after a year. It was within a year that the motion was filed, only the wrong motion. Again, petitioner's failures to come forward with any proper showing. Okay. Now we're back to Lazada. Thank you. Thank you for the explanation, Your Honor. Thank you. Do you have a minute and a half? Thank you, Your Honor. I'm not sure if you want me to address the fugitive disentitlement doctrine any longer or the ineffective assistance of counsel any longer. Or we can save a minute and a half and proceed. I think so. Thank you. Thank you. The case to start is submitted for decision. We'll hear the next case, which is Blanton v. Harris.
judges: Schroeder, Nelson, Reinhardt